# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:13-cv-00354-MR
# [CRIMINAL CASE NO. 3:08-cr-00124-MR-1]

| | |
|---|---|
| MARVIN BARNETTE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; the Government's response to Petitioner's claim for relief [Doc. 9]; and the Government's Motion for Leave to File Out of Time [Doc. 10]. For the reasons that follow, the Court finds that Petitioner is entitled to be resentenced without application of the statutory mandatory minimum of 180 months' imprisonment.

**I.    BACKGROUND**

On May 29, 2008, Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged with possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b); possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). [See Criminal Case No. 3:08-cr-00124, Doc. 1: Indictment]. On February 4, 2009, Petitioner pled guilty pursuant to a plea agreement to the § 922(g) count. [Id., Doc. 21: Acceptance and Entry of Guilty Plea]. In exchange for Petitioner's guilty plea, the Government agreed to dismiss the remaining counts of the Indictment.

The U.S. Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. In the PSR, the probation officer identified three North Carolina state convictions that are pertinent in this collateral proceeding: a 1998 conviction for breaking and entering, a 1999 conviction for breaking and entering, and a 2001 conviction for common law robbery. [Id., Doc. 29: PSR ¶ 20]. The probation officer concluded that each of these convictions qualified as a crime of violence, and that Petitioner had therefore attained the status of an armed career criminal pursuant to United States Guidelines Manual § 4B1.4 and 18 U.S.C. § 924(e). Based on a total offense level of 31 and a criminal history category of VI, the PSR calculated a Guidelines range of 188 to 235

months' imprisonment and a statutory range of not less than fifteen years under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

On October 1, 2009, Petitioner appeared before the Court for his sentencing hearing. The Court sentenced Petitioner to a term of 180 months' imprisonment. [Id., Doc. 34: Judgment in a Criminal Case].

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal but inquiring whether Petitioner was properly sentenced as an armed career criminal. The Court rejected this argument and concluded that each of Petitioner's convictions for breaking or entering qualified as "a 'violent felony' within the meaning of the ACCA." United States v. Barnette, 396 F. App'x 981 (4th Cir. 2010) (per curiam) (quoting United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009)).[1]

On April 2, 2012, Petitioner filed a *pro se* "motion for certificate of appeal." [Criminal Case No. 3:08-cr-00354, Doc. 49]. This Court construed the motion as a claim for relief under § 2255 and consequently provided Petitioner with notice that it intended to recharacterize the motion as a claim for relief under § 2255. [Id., Doc. 51: Order]. Petitioner agreed

---

[1] Petitioner did not challenge the use of the common law robbery conviction to support his status as an armed career criminal.

3

to proceed under the provisions of 28 U.S.C. § 2255 [Doc. 52], and the Court ordered a response to his § 2255 motion from the Government [Doc. 53]. On January 8, 2014, the Government filed its response, along with a motion seeking to file such response two days out of time. [Doc. 10].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this § 2255 proceeding, Petitioner argues that his prior North Carolina state convictions for breaking or entering, for which he was sentenced to terms of 8 to 10 months' imprisonment respectively, no longer support his status as an armed career criminal. [Doc. 1 at 4]. The Government concedes that the Petitioner's motion has merit, and although

the motion was untimely presented, the Government agrees to waive the defense of the statute of limitations to Petitioner's claims.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a one-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on or about January 7, 2011, when the time for seeking review of the Fourth Circuit's decision expired. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court confirms a conviction on the merits on

direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (internal citations omitted); see also Sup. Ct. R. 13.1 (providing for 90 days to file a petition for a writ of certiorari after judgment affirmed). Because Petitioner did not file his claim for relief until April 2, 2012, at the earliest, it would appear to be untimely.

In its response, the Government concedes that the Petitioner's § 2255 motion is untimely but indicates that it has agreed to waive the defense of the one-year statute of limitation. [Doc. 9: Government's Response at 3]. When the Government intentionally relinquishes its right to assert the statute of limitations defense, the Court must accept that relinquishment. See Day v. McDonough, 547 U.S. 198, 202 (2006) ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); see also Wood v. Milyard, 132 S.Ct. 1826, 1835 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense."). Based on the foregoing authority and the Government's intentional waiver of the statute of limitations, the Court will reach the merits of Petitioner's § 2255 motion.

The ACCA provides for a mandatory minimum term of fifteen years in prison for a defendant who violates 18 U.S.C. § 922(g) and has three or more prior convictions for a violent felony or a serious drug offense. 18

U.S.C. § 924(e)(1). As is relevant to the present case, a "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" and that has particular elements or presents a serious potential risk of physical injury to another. Id. § 924(e)(2)(B). In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to support a sentencing enhancement under § 924(e), the defendant must have been convicted of an offense for which *that defendant* could have been sentenced to a term of imprisonment in excess of one year. Simmons, 649 F.3d at 243. In so holding, the Simmons Court expressly overruled its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court had held that an offense is punishable by more than one year in prison if *any defendant*, particularly one with the worst possible criminal history, could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247.

In the present case, Petitioner's sentence was enhanced based on his prior convictions for breaking and entering under N.C. Gen. Stat. § 14-54(a). As the Government concedes, and as reflected by the state-court judgments relevant to these convictions, these offenses were Class H

7

felonies, and at the time Petitioner was convicted of these offenses, Petitioner was a prior record level II. [Doc. 9 at 6]. As such, the maximum sentence Petitioner could have received for either of these offenses was 10 months. Because Petitioner could not have received a sentence of more than one year in prison based on these convictions under North Carolina law, Simmons dictates that these convictions no longer qualify as "violent felonies" for purposes of the ACCA.

Section 2255(a) provides relief from a sentence "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); see also Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (holding that the Due Process clause is violated when a sentencing court is erroneously deprived of discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence). In the present case, Petitioner's otherwise applicable Guidelines range, without application of the ACC enhancement, was below the 180-month mandatory minimum imposed by this Court. Because the application of that mandatory minimum deprived this Court of discretion and because, without application of the mandatory minimum, Petitioner's sentence under § 922(g)(1) would have been limited to 120 months, Petitioner's 180-month sentence is above the maximum that applies to

Petitioner's offense. Accordingly, the Court concludes that Petitioner is entitled to a new sentencing hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Section 2255 motion [Doc. 1] is **GRANTED IN PART** and his sentence of 180 months is hereby **VACATED**. The remaining terms of Petitioner's criminal judgment will remain unchanged, and Petitioner shall remain in the custody of the Federal Bureau of Prisons and/or the United States Marshals Service pending his resentencing hearing;

(2) The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of his resentencing hearing or arrange for other CJA counsel to represent him;

(3) The United States Marshal shall have the Defendant present in Asheville, North Carolina, for the August, 2014 sentencing term;

(4) The Clerk of Court shall calendar this matter for that term; and

(5) The United States Probation Office shall provide the Court with a supplemental presentence report in advance of the resentencing hearing.

The Clerk of Court is directed to provide copies of this Order to the Petitioner, counsel for the Government, the Federal Defenders of Western North Carolina, the United States Marshals Service, and the United States Probation Office. The Clerk of Court is further directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 23, 2014

Martin Reidinger
United States District Judge